931 F.2d 900
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff/Appellee,
v.
Blanca Elizabeth MICHAELS, Defendant/Appellant.
 No. 90-2090.
 United States Court of Appeals, Tenth Circuit.
 May 2, 1991.
 
 1
 Before LOGAN and SEYMOUR, Circuit Judges, and SPARR, District Judge.*
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 DANIEL B. SPARR, District Judge.
 
 
 4
 Blanca Elizabeth Michaels appeals her conviction with co-defendant Brown in a jury trial for possession with intent to distribute over 100 kilograms of marijuana in violation of 21 U.S.C. Sec. 841(a)(1); Sec. 841(b)(1)(B), and 18 U.S.C. Sec. 2. Michaels raises four issues in her appeal, each will be discussed in order.
 
 
 5
 Appellant contends she was deprived of effective assistance of counsel at the pre-trial stage of proceedings when appellant would have been offered a plea bargain. Here appellant argues that her pre-trial counsel was faced with an overt conflict of interest due to counsel's comment that co-defendant Brown "would be pointing the finger at each other during the trial. In Martinez v. Sullivan, 881 F.2d 921 (10th Cir.1989), this circuit adopted the two-part test articulated in Strickland v. Washington, 466 U.S. 668 (1984):
 
 
 6
 First, the defendant must show that counsel's performance was deficient--that is, 'that counsel's representation fell below an objective standard of reasonableness.' (Strickland, 446 U.S. at 688.)
 
 
 7
 Second, he must show this deficiency prejudiced his defense--that is, 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' (Strickland, 446 U.S. at 694.)
 
 
 8
 Appellant has failed to make the requisite showing under the first element of this test, and has also failed to show the second element of prejudice. With regard to the second element, appellant has also failed to meet the prejudice standard in Burger v. Kemp, 483 U.S. 776 (1987).
 
 
 9
 With regard to appellant's second argument, appellant claims that the district court erred in admitting evidence of a communication between co-defendants which was ethically revealed by joint counsel. Appellant's contention here concerns her authorship of a letter to co-defendant Brown, offering her financial reward for Brown's entry of a guilty plea which would then take the pressure off the appellant. The letter was damaging to the appellant and was read into the record at trial. Although both parties have acknowledged that the standard of review for applicability of the attorney-client privilege is unsettled in this circuit, that issue need not be addressed in this appeal as the appellant has not established that the privilege would attach to the communication here. See United States v. Bump, 605 F.2d 548 (10th Cir.1979). The letter was written by appellant and delivered to her co-defendant Brown at a time when both were represented by counsel. No attorney was involved in the communication until after the appellant had delivered the letter to her co-defendant.
 
 
 10
 The third issue Michaels raises in her appeal concerns the alleged denial of her right to exercise peremptory challenges. Appellant argues that the four strikes disallowed by the district court due to time constraints later served on the jury empaneled for the trial. The applicable standard for review is abuse of discretion. United States v. Morris, 623 F.2d 145 (10th Cir.1980). From consultation of the record at vol. II, page 127, there was no abuse of discretion as the district judge was merely preventing appellant from adding to her joint list of challenges once the government's challenges were read.
 
 
 11
 Finally, appellant asserts that the district court erroneously assessed her two extra points on the Sentencing Guideline scale for obstruction of justice. Under the standard in United States v. Williams, 897 F.2d 1041 (10th Cir.1990), the district court's determination is subject to review only for clear error. Appellant contends that the two points amounted to a penalty assessed for the existing conflict of interest and loss of confidence in her trial counsel. Such contention does not rise to the level of clear error as committed by the district court.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The Honorable Daniel B. Sparr, United States District Judge for the District of Colorado, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3